UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JOANNE McCLENIC,

Plaintiff,

-against-

TOWN OF ISLAND PARK, COUNTY OF NASSAU, ANNE T. DONNELLY (DISTRICT ATTORNEY), DISTRICT ATTORNEY OFFICE OF NASSAU COUNTY, FOURTH (4TH) POLICE PRECINCT DEPARTMENT OF NASSAU COUNTY, STATE OF NEW YORK, and POLICE OFFICER JONATHAN COLLURA,

Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-5155 (OEM) (AYS)

ORELIA E. MERCHANT, United States District Judge:

On August 21, 2026, *pro se* plaintiff Joanne McClenic ("Plaintiff") commenced this civil rights action against defendants the Town of Island Park, County of Nassau ("Nassau County"), Anne T. Donnelly ("Donnelly"), in her official capacity as District Attorney, District Attorney's Office of Nassau County ("Nassau County DA's Office" or "DA's Office"), Fourth (4th) Police Precinct Department of Nassau County ("4th Precinct Police Department"), State of New York, and Police Officer Jonathan Collura ("Collura"), in his official capacity as a police officer of the 4th Precinct Police Department. *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl.").

Plaintiff did not pay the filing fee that is required to institute a civil action under 28 U.S. Code § 1914. Instead, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S. Code § 1915. *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Dkt. 2 ("Short Form IFP"). However, Plaintiff's Short Form IFP did not identify any income or expenses. Short Form IFP. Therefore, by Order dated August 25, 2026, the Court denied Plaintiff's Short Form IFP and directed her to either pay the filing fee, or submit

an adequate Long Form IFP application, by September 8, 2026. On September 8, 2026, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Dkt. 7 ("Long Form IFP"). Thereafter, on September 23, 2026, the Court granted Plaintiff's Long Form IFP.

Notwithstanding whether any filing fee was paid, as to Defendants Town of Island Park, Nassau County, District Attorney Donnelly, Nassau County DA's Office, 4th Precinct Police Department, and State of New York, the Court dismisses the Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for "fail[ure] to state a claim on which relief may be granted" and because Plaintiff seeks relief "against … defendant[s] who [are] immune from such relief." Plaintiff may proceed with her claims against Defendant Police Officer Jonathan Collura.

**BACKGROUND**

On September 2, 2024, Plaintiff was arrested following a traffic stop by Defendant Collura, a police officer for the 4th Precinct Police Department, for alleged possession of an illegal substance that Collura believed to be cocaine. *See* Compl. at 4, 7. On September 16, 2025, a *Mapp* hearing was held before Nassau County District Court Judge, David Goodsell ("Judge Goodsell"), in Plaintiff's ensuing state law criminal case, captioned *The People of the State of New York v. Joanne McClenic*, No. CR-017620-24NA. *See id.* On October 15, 2025, Judge Goodsell determined that the District Attorney had failed to establish sufficient cause to believe the recovered substance was cocaine and granted Plaintiff's motion to suppress the evidence. *Id.* at 7. The criminal case against Plaintiff was subsequently dismissed. *Id.* at 6.

Relying on the dismissal of the criminal charges against her, Plaintiff alleges that she "was unlawfully and illegally arrested by Police Officer Jonathan Collura" and the 4th Precinct Police Department. *Id.* at 4. Specifically, Plaintiff asserts that she was "falsely accused, unlawfully

detained and charged with possession of narcotics that she did not possess during a wrongful traffick [sic] stop in front of 4116 Austn Boulevard in the town of Island Park, New York 11558, County of Nassau on September 24, 2024." *Id.* Plaintiff further alleges that, as a result of "this illegal and unlawful arrest," her vehicle was towed and impounded, leaving her to resort to "walking and relying on public transportation." *Id.*

Plaintiff also alleges that, as a result of the incident, she is "physically distraught, paranoid, depressed, emotionally and psychologically distressed as well as traumatized." *Id.* at 5. Plaintiff seeks $5 million in damages "for her pain and suffering due to the embarrassment of defamatory statements placed on social media, the humiliation of defamation of character she has suffered from social media postings, having to utilize public transportation" and "all that she has lost due to this." *Id.*

**LEGAL STANDARD**

Courts are required to give special consideration to *pro se* litigants who represent themselves in court without an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This means that their pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *See id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court must read a *pro se* complaint "liberally" and consider "the strongest [arguments] that it suggests." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475, 474 (2d Cir.2006)). If a liberal reading indicates that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend their complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Regardless of whether a plaintiff has paid the filing fee, a federal district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks subject-matter jurisdiction over the matter. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" —that is, when it "lacks an arguable basis in law … or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Thus, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**DISCUSSION**

Plaintiff brings her civil rights claims under 42 U.S.C. § 1983 ("§ 1983"), asserting various theories of liability, including "defamation of character … harassment, negligence, negligence in training and supervision, unprofessional and inappropriate conduct, malicious prosecution … violations of civil rights, violations of constitutional rights" under "U.S.C.A. Const. Amen. 1, 4, 5, 8, 9, 14 … cruel and unusual punishment, illegal search and seizure, [and] denial [of] due process." *See* Compl. at 4. Plaintiff's claims implicate several distinct issues concerning immunity

and the sufficiency of her pleadings, which the Court addresses in turn.

**A. Prosecutorial Immunity**

Plaintiff brings her claims against Anne T. Donnelly, in her official capacity as Nassau County District Attorney, and the Nassau County DA's Office. However, "Plaintiff's claims against the Nassau County District Attorney's Office and district attorney … cannot proceed" because "[a] district attorney's office is not a suable entity." *Haddock v. Nassau Dist. Attorney's Off.*, 22-CV-6161 (KAM), 2023 WL 3231489, at *2 (E.D.N.Y. May 3, 2023) (citing *Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012)). Moreover, prosecutors are "immun[e] from § 1983 liability," which "is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *Neira v. Off. of Dist. Att'y*, 21-CV-6747-JMA-LGD, 2022 WL 17489018, at *3 (E.D.N.Y. Dec. 7, 2022) (dismissing claims against the Nassau County District Attorney's Office because "Eleventh Amendment immunity extends to local governments and to a district attorney's office exercising its prosecutorial functions" (citing cases)).

Accordingly, Plaintiff's claims against Defendants Donnelly and the DA's Office are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**B. Eleventh Amendment**

Further, Plaintiff's § 1983 claims against the State of New York are similarly implausible because they are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or

unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration and quotation marks omitted). "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." *Dubarry v. Capra*, 21-CV-5487, 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)). Given that New York state has not waived its Eleventh Amendment immunity, Plaintiff's § 1983 claims against Defendant State of New York are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**C. Municipal Liability**

Plaintiff also asserts § 1983 claims against defendant municipalities, Town of Island Park and Nassau County. Municipal governments may be held liable under § 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a claim against a municipality under § 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Id.* (internal quotation marks and citation omitted). "Thus, Nassau County [and Town of Island Park] could only face liability if Plaintiff alleged a pattern or practice of such [unconstitutional] conduct." *Agosto v. Nassau Cnty. Corr. Cntr.*, 25-CV-4269(GRB)(LGD), 2025 WL 2696542, at *3 (E.D.N.Y. Sept. 22, 2025).

Plaintiff's Complaint is devoid of any such allegations. Plaintiff has not pled that the allegedly unconstitutional arrest, search, and seizure were the result of a policy or practice of the Town of Island Park or Nassau County. *See, e.g.*, *Agosto,* 2025 WL 2696542, at *3 (dismissing § 1983 complaint against Nassau County due to plaintiff's failure to "allege that his constitutional rights were violated pursuant to any municipal policy or custom") (internal quotation marks

omitted) (citing *Joyner-El v. Giammarella*, 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries")).

Given the absence of allegations suggesting that the alleged deprivation of Plaintiff's constitutional rights was pursuant to some municipal policy or custom, Plaintiff's claims against Defendants Town of Island Park and Nassau County are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

As to Plaintiff's claims against the 4th Precinct Police Department, it is well established that the Nassau County Police Department has no independent legal identity apart from the municipality and cannot be sued. *See, e.g., Henry v. County of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (finding that the Nassau County Police Department is a non-suable agency of Nassau County); *Haddock,* 2023 WL 3231489, at *1 ("Plaintiff's claims against the Nassau County Sheriff's Department and Nassau County Police Department cannot proceed, as they do not have a legal identity separate and apart from Nassau County and thus cannot be sued."); *McClenic v. Shmettan*, 15-CV-00705 (SJF) (SIL), 2015 WL 1930088, at *2 (E.D.N.Y. Apr. 28, 2015) (*sua sponte* dismissing pro se plaintiff's § 1983 claims against "the Jail and Police Department" as they "are administrative arms of the County of Nassau" and "lack the capacity to be sued.") (collecting cases). Therefore, Plaintiff's claims against the 4th Precinct Police Department are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b)(1).

**D. Police Officer Johnathan Collura**

In contrast, Plaintiff's Complaint states a § 1983 claim against the Defendant Police Officer Johnathan Collura. In order to maintain a § 1983 action, a plaintiff must allege both that the

conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994). "Police officers who act in their official capacity act under color of law." *Scantlebury v. City of New York*, 15-CV-2169 (SLT) (MDG), 2015 WL 3444866, at *3 (E.D.N.Y. May 28, 2015) (citing *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir.2003)). In addition, the Complaint expressly alleges that Defendant Collura was responsible for the false arrest and illegal search and seizure that allegedly violated Plaintiff's constitutional rights. Compl. at 4 ("(Plaintiff) was unlawfully and illegally arrested by Police Officer Jonathan Collura … of the 4th Precinct Police Department of Nassau County to which the plaintiff was falsely accused, unlawfully detained and charged with possession of narcotics that she did not possess during a wrongful traffick [sic] stop …"). Accordingly, Plaintiff may proceed with her § 1983 claims against Defendant Collura who is employed by the 4th Precinct Police Department of Nassau County.

## CONCLUSION

Accordingly, the action is *sua sponte* dismissed against Defendants Town of Island Park, Nassau County, Anne T. Donnelly, in her official capacity as District Attorney, Nassau County DA's Office, 4th Precinct Police Department, and State of New York for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, Plaintiff's § 1983 claims may proceed against Defendant Police Officer Jonathan Collura. The Clerk of Court is directed to issue a summons to Defendant Collura and the United States Marshals Service is directed to serve the Complaint and the summons on Defendant Collura, without prepayment of fees. The Clerk of the Court is further directed to serve a copy of the Complaint together with this Order on the Nassau County Attorney.

The Court refers this matter to the Honorable Anne Y. Shields, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

November 24, 2026
Brooklyn, New York